**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **JOHN K. BALDWIN**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant. | Case Number: 1:09-cv-00033 <br><br> **ORDER RE: DEFENDANT'S SECOND EMERGENCY MOTION UNDER LOCAL RULE 7.1(h)(3)(b)** |

Before the court in this tax refund case is Defendant's "Emergency Motion Under Local Rule 7.1(h)(3)(b) Directed to Trial Court Judge Ramona V. Manglona" ("the Motion"). *See* Docket No. 85. The court has also received Plaintiff's Response. *See* Docket No. 86.

**I.   BACKGROUND**

Defendant seeks relief from two orders of this court—one dated September 9, 2011, and one dated September 13, 2011—signed by Senior District Judge Alex R. Munson. *See* Docket Nos. 81, 84 ('the Orders"). The Orders require that a person with full settlement authority, or a "person with authority to recommend any settlement reached by the parties to the Congressional Joint Committee on Taxation," be present on behalf of Defendants at the Settlement Conference set in this case for Monday, October 17, 2011. *See* the Orders.

Defendant directs the Motion to the undersigned for two reasons: (A) because "the rules and procedures for a writ of mandamus indicate that the order for which relief by mandamus is sought should be the order of the trial-court judge," and (B) because the term

"person with authority to recommend any settlement reached by the parties to the Congressional Joint Committee on Taxation" is ambiguous. Motion at 6:11-7:7. Defendant also indicates that it needs a ruling on the Motion "as soon as possible." *Id*. at 6:9.

**.II.    DISCUSSION**

    **A.    "Order of the trial-court judge"**

A petition for a writ of mandamus need only state (i) the relief sought; (ii) the issues presented; (iii) the facts necessary to understand the issue presented by the petition; and (iv) the reasons why the writ should issue. *See* FED. R. APP. P. 21(a)(2)(B). Defendant does not need an order from the undersigned in order to write a petition that meets those requirements.

Moreover, while the writ of mandamus used to be "directed to a judge or judges," it is now "directed to a court." FED. R. APP. P. 21 advisory committee notes, 1996 Amendments. This change in the language shows that Defendant need not focus on what signature appears on the challenged order. A successful petition will result in a writ "directed to [the] court," which writ would accord Defendant the relief it seeks.

Finally, in Rule 21 the term "trial-court judge" must be read as "the trial-court-*level* judge whose order is challenged," not as "the judge who will in fact preside over trial." While both readings usually point to the same judge, where—as here—they might not, the first must prevail, in order to avoid the waste involved in getting one judge up to speed on the reasoning and decision of another judge, and the unseemly interference with judicial hierarchy involved in having one trial-court-level judge acting as a kind of ad hoc appellate tribunal over another trial-court-level judge. The instant Motion raises both specters for no clear reason.

    **B.    Ambiguous Term**

For the reasons stated above, the undersigned need not and will not interpret the supposedly ambiguous term.

1 **III.    CONCLUSION**

2     The Motion is **DENIED**.  No motion for reconsideration will be entertained.

          **SO ORDERED** on September 14, 2011.

          _____
          R<small>AMONA</small> V. M<small>ANGLONA</small>, Chief Judge